IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA A. CAGE | § | CIVIL ACTION NO. |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| HOME DEPOT U.S.A., INC. | § | JURY TRIAL REQUESTED |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. Plaintiff, LINDA A. CAGE, by and through her attorney, Black Law, PC, complaining of Defendant HOME DEPOT U.S.A., INC. (Defendant) and for causes of action, Plaintiff would respectfully show this court the following:

### I. JURISDICTION, VENUE AND PARTIES

2. This Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. §1332(a)(1) because the Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000, excluding interests and costs.

3. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) because HOME DEPOT U.S.A., INC. resides in this judicial district in Texas. Venue is proper pursuant 28 U.S.C. §1391(b)(2) because a substantial part of the acts and omissions occurred in this judicial district.

4. Plaintiff LINDA A. CAGE is a resident of Houston, Harris County, Texas.

5. Defendant, HOME DEPOT U.S.A., INC., is a Delaware corporation doing business in the State of Texas with its principal place of business in Georgia. Defendant may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.  SUMMARY OF THE FACTS

6. On or about May 9, 2018, LINDA A. CAGE, was injured while working in the course and scope of her employment for Defendant at 6810 Gulf Freeway, Houston, Texas 77087. Defendant is a non-subscriber to the Texas Workers Compensation System.

7. Specifically, Ms. Cage was injured when a co-worker, Luis Pineda, attempted to move a pallet of merchandise from a trailer Ms. Cage and Mr. Pineda were unloading. When Mr. Pineda moved the load with his pallet jack, an unsecured load of fell off the top of the stack and struck Ms. Cage on the top of her head.

8. As a direct and proximate result of Defendant's negligence, Ms. Cage suffered severe physical injuries and damages.

## III.  CAUSES OF ACTION

### COUNT I-NEGLIGENCE

10. Plaintiff incorporates herein each allegation set forth above.

11. Defendant owed Ms. Cage non-delegable legal duties to provide a safe place to work, to adequately train and supervise pallet jack operators, as well as duties to use ordinary care in following federal and state safety standards regarding securing transportation loads. By failing to exercise the degree of care that would be exercised by a person of ordinary prudence, Defendant breached one or more common law duties and Defendant's negligence, and vicarious liability for the negligence of Ms. Cage's co-worker, was the proximate cause of Ms. Cage's past, present, and future damages. Ms. Cage would further show that Defendant was negligent in one or more of the following respects, to wit:

   a. Failing to exercise ordinary care;

   b. Failing to provide a safe place to work;

c. Failing to provide prudent safety training;

d. Failing to warn Ms. Cage;

e. Failing to follow OSHA regulations;

f. Failing to comply with the laws of the State of Texas;

g. Failing to have an accident prevention policy;

h. Failing to properly train, supervise, and educate its employees, temporary help, contractors, subcontractors, and third parties retained for performance of work;

i. Unnecessarily rushing the completion of the job;

j. Failing to have a qualified safety supervisor on site at the time of the accident;

k. Overworking the employees and making the employees work at an unsafe pace;

l. Failing and refusing to implement a safety program;

m. Failing to follow recognized safety regulations, policies, and procedures;

n. Failing to adequately staff the job and provide assistance to Ms. Cage.

12. Each of the foregoing acts and omissions stated herein above were negligence, negligence *per se*, and/or gross negligence, as a result of which Ms. Cage suffered injuries and damages as described in more detail below.

## IV.  DAMAGES

13. Plaintiff incorporates herein each allegation set forth above.

14. Ms. Cage suffered, sustained, and incurred, and in reasonable medical probability will suffer, sustain, and incur, the following injuries and damages as a producing and proximate result of the Defendant's conduct among others:

    a. physical pain, past and future;

    b. mental suffering, past and future;

    c.  physical impairment, past and future;

    d.  reasonable and necessary medical bills in the past and future;

    e.  lost wages and loss of earning capacity;

    f.  disfigurement; and

    g.  costs of court.

## V. JURY DEMAND

15.    Plaintiff requests a Jury Trial.

## VI. PRAYER

16.    LINDA A. CAGE prays that HOME DEPOT U.S.A., INC. be cited to appear herein, and that upon final trial, Plaintiff has judgment against HOME DEPOT U.S.A., INC. for the following, among other things:

    a.  compensatory damages in excess of $75,000.00;

    b.  pre-judgment interest according to Texas law;

    c.  post-judgment interest according to Texas law;

    d.  physical pain, past and future;

    e.  mental suffering, past and future;

    f.  physical impairment, past and future;

    g.  reasonable and necessary medical bills in the past and future;

    i.  lost wages and loss of earning capacity;

    j.  disfigurement; and

    k.  costs of court.

17.    Such other and further relief to which Plaintiff shows herself justly entitled to receive.

Respectfully submitted,

**BLACK LAW, PC**

/s/J. Robert Black
J. Robert Black
Attorney-in-Charge
State Bar No.: 24040526
Southern District Bar No.: 37180
3701 Kirby Dr., Ste. 101
Houston, Texas 77098
Telephone: (713) 997-8261
Facsimile: (713) 997-8271
robert@blacklawpc.com

**ATTORNEY FOR PLAINTIFF**